

**THE JIMERSON PRACTICE LLC**
Norman R. Jimerson, Jr., Esq., M.I.L.R.
Managing Partner

May 17, 2026

**VIA ECF ONLY**
Honorable Cari Fais, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Courthouse
50 Walnut Street
Courtroom P.O. 9
Newark, New Jersey 07101

> Re:   **Clarke v. Piscataway Township Board of Education**
>        **Civil Action No. 2:25-cv-01252-KSH-CLW**
>        **Our File No.: 304-28829**

Dear Judge Fais:

This firm represents Plaintiff Shenee Clarke in the above-referenced matter.

Plaintiff respectfully writes to apologize to the Court for the delay in formally seeking Court intervention concerning outstanding discovery issues and Plaintiff's anticipated motion for leave to file a Second Amended Complaint.

Plaintiff delayed seeking such relief because counsel believed, in good faith, that the parties were making progress toward meaningful settlement discussions and private mediation. As reflected in the attached exhibits, Plaintiff repeatedly agreed to defer motion practice, accommodate adjournments, and continue negotiations in the interest of resolving the matter efficiently and without unnecessary litigation. See, Exhibits 1-4; Exhibits A-B.

Unfortunately, despite those efforts, Plaintiff has concluded that further delay would prejudice Plaintiff's ability to fully and fairly litigate and mediate this matter.

Specifically, the record reflects that:

1.   Plaintiff agreed to adjourn the June 8, 2026, settlement conference to accommodate Defendant's stated scheduling conflicts and to allow additional time for settlement discussions and mediation logistics, Exhibit 3;

📞 973.772.4100
📠 973.772.0979

nrj@thejimersonpracticellc.com
www.thejimersonpracticellc.com

101 Central Avenue
Clifton, NJ 07011

Honorable Cari Fais, U.S.M.J
May 17, 2026
Page 2 of 3

2.      Plaintiff deferred seeking Court intervention concerning Defendant's refusal to provide a Certification of Completeness and Non-Existence of Documents through Human Resources Director Colleen Pongratz, despite Defendant's late document production on the eve of deposition and refusal to permit execution of the certification during the continued deposition, Exhibit 4;

3.      Plaintiff provided a detailed settlement proposal on April 20, 2026, specifically advising Defendant that discovery had materially expanded the factual record and that Plaintiff intended to seek leave to amend the pleadings to add additional parties and claims, Exhibit 4;

4.      Defendant thereafter definitively represented that a substantive response would be forthcoming, including an express commitment to provide a response by May 15, 2026, Exhibit 2;

5.      Despite those representations, Defendant failed to provide a meaningful counter-settlement proposal and instead responded primarily with criticism of Plaintiff's demand and repeated statements that "the mediator" would need to resolve the dispute. Exhibit A; See, Exhibit B, original Settlement Demand. At this juncture, Plaintiff believes that meaningful mediation cannot occur without a complete factual and procedural record before the parties and the mediator.

The outstanding discovery dispute concerning the Certification of Completeness remains unresolved. Plaintiff believes the certification is materially important because it concerns whether Defendant has fully produced responsive documents relating to the employment, onboarding, credentialing, and termination-related issues central to the present litigation.

Likewise, discovery has revealed facts supporting amendment of the pleadings to add additional party-defendants, additional party-plaintiffs, and additional causes of action, including claims under Title VII, the New Jersey Law Against Discrimination, the Conscientious Employee Protection Act, and 42 U.S.C. § 1983. Plaintiff believes those claims and parties should be addressed openly and formally through amended pleadings before mediation proceeds further.

Plaintiff therefore respectfully requests:

1.      A status conference concerning the outstanding discovery dispute;

2.      Leave to file appropriate motion practice concerning Defendant's refusal to provide the requested Certification of Completeness and Non-Existence of Documents;

Honorable Cari Fais, U.S.M.J
May 17, 2026
Page 3 of 3

_____

3.      Leave to file a motion for leave to file a Second Amended Complaint; and

4.      Such other relief as the Court deems appropriate to ensure that mediation proceeds upon a complete and accurate factual record.

Plaintiff remains willing to participate in mediation and continue settlement discussions in good faith.  However, Plaintiff respectfully submits that continued delay without resolution of the discovery and pleading issues will not facilitate meaningful settlement and may instead unnecessarily prolong the litigation.

Plaintiff apologizes to the Court for not seeking intervention sooner and appreciates the Court's time and consideration.

Respectfully submitted,

THE JIMERSON PRACTICE LLC

/s/ Norman R. Jimerson, Jr., Esq.

Norman R. Jimerson, Jr., Esq.

C:      Thomas J. Cotton, Esq.
        Georgia D. Reid, Esq.