# EXHIBIT 1

5/15/26, 7:37 PM

 Outlook

**Clarke v. Piscataway Township Board of Education, No. 2:25-cv-1252-KSH-CF**

**From** Bye, Lisa <LBye@WILENTZ.com>
**Date** Thu 5/14/2026 8:41 AM
**To** Norman Jimerson <nrj@thejimersonpracticellc.com>; Thomas J. Cotton <tjc@spsk.com>
**Cc** Georgia D. Reid <GReid@spsk.com>; Lisa A. Gramlich <LAT@spsk.com>

Counsel:

Regarding the above matter, I have scheduled a conference call with Judge Ciuffani and counsel on June 1, 2026, at 9:30 A.M.

The dial-in information for the conference call is as follows:

*Dial in Telephone Number:*
*U.S. Local: 1-646-307-1479*
*U.S. Toll Free: 1-877-304-9269*

*Guest Code: 580848*

*Host Code: 2678228*

Thank you,

**Lisa Bye | Legal Assistant**

**WILENTZ**
—ATTORNEYS AT LAW—
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095
T: 732.726.6226
lbye@wilentz.com | www.wilentz.com | LinkedIn

This e-mail contains communications that may be confidential and/or privileged and are intended only for the use of the addressee(s) named above and may contain information that is legally protected from unauthorized disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify us immediately by reply e-mail and destroy all copies of the communication and attachments. Thank you.

This e-mail or any attachment to it is intended solely for the use of the individual or entity to which it is addressed and may contain an attorney-client communication or material that is otherwise privileged or confidential.

5/15/26, 7:38 PM

 **Outlook**

## Re: Clarke v. Piscataway Township Board of Education, No. 2:25-cv-1252-KSH-CF

From  Norman Jimerson <nrj@thejimersonpracticellc.com>
Date  Wed 5/13/2026 11:54 PM
To    Thomas J. Cotton <tjc@spsk.com>; Bye, Lisa <LBye@WILENTZ.com>
Cc    Georgia D. Reid <GReid@spsk.com>; Lisa A. Gramlich <LAT@spsk.com>

Plaintiff's counsel is also available for all three proposed dates.

Get Outlook for iOS

**From:** Thomas J. Cotton <tjc@spsk.com>
**Sent:** Wednesday, May 13, 2026 1:57:34 PM
**To:** Bye, Lisa <LBye@WILENTZ.com>; Norman Jimerson <nrj@thejimersonpracticellc.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>; Lisa A. Gramlich <LAT@spsk.com>
**Subject:** Re: Clarke v. Piscataway Township Board of Education, No. 2:25-cv-1252-KSH-CF

Defense counsel is available for all three proposed date

**From:** Bye, Lisa <LBye@WILENTZ.com>
**Sent:** Wednesday, May 13, 2026 12:07:42 PM
**To:** Norman Jimerson <nrj@thejimersonpracticellc.com>; Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>; Lisa A. Gramlich <LAT@spsk.com>
**Subject:** Clarke v. Piscataway Township Board of Education, No. 2:25-cv-1252-KSH-CF

Good morning,

The above matter has cleared conflicts and Judge Ciuffani would like to have a conference call with all counsel. He is away, returning on Memorial Day.

I have available June 1 at 9:30 A.M. (and later if needed); and June 8 and 9 at 9:30 A.M. (and later if needed).

Kindly let me know if any of those dates work.

**Lisa Bye | Legal Assistant**
**WILENTZ**

5/15/26, 7:39 PM

 Outlook

---

**Re: Clarke v. Piscataway Township Board of Education, No. 2:25-cv-1252-KSH-CF**

---

From Thomas J. Cotton <tjc@spsk.com>

Date Wed 5/13/2026 1:57 PM

To    Bye, Lisa <LBye@WILENTZ.com>; Norman Jimerson <nrj@thejimersonpracticellc.com>

Cc    Georgia D. Reid <GReid@spsk.com>; Lisa A. Gramlich <LAT@spsk.com>

Defense counsel is available for all three proposed date

---

**From:** Bye, Lisa <LBye@WILENTZ.com>
**Sent:** Wednesday, May 13, 2026 12:07:42 PM
**To:** Norman Jimerson <nrj@thejimersonpracticellc.com>; Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>; Lisa A. Gramlich <LAT@spsk.com>
**Subject:** Clarke v. Piscataway Township Board of Education, No. 2:25-cv-1252-KSH-CF

Good morning,

The above matter has cleared conflicts and Judge Ciuffani would like to have a conference call with all counsel. He is away, returning on Memorial Day.

I have available June 1 at 9:30 A.M. (and later if needed); and June 8 and 9 at 9:30 A.M. (and later if needed).

Kindly let me know if any of those dates work.

**Lisa Bye | Legal Assistant**

# WILENTZ
## —ATTORNEYS AT LAW—

Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095
**T**: 732.726.6226
lbye@wilentz.com | www.wilentz.com | LinkedIn

---

 Outlook

---

## Re: Clarke v. Piscataway Township Board of Education, No. 2:25-cv-1252-KSH-CF

---

**From** Norman Jimerson <nrj@thejimersonpracticellc.com>

**Date** Wed 5/13/2026 10:11 AM

**To** Bye, Lisa <LBye@WILENTZ.com>; Thomas J. Cotton <tjc@spsk.com>

**Cc** Georgia D. Reid <GReid@spsk.com>; Lisa A. Gramlich <LAT@spsk.com>

📎 1 attachment (156 KB)

0 - SERVICE LIST - S.H. V. PTBOE.pdf;

Hi, good morning, Ms. Bye,

Please find below the Service List for purposes of Judge Ciuffani's conflict check in the above-referenced matter.

Thank you very much.

Kind regards,

Norm



**Norman R. Jimerson, Jr., Esq., M.I.L.R.**
NJ Ct. R. 1:40 Mediator | Arbitrator
The Jimerson Practice, LLC
**101 Central Avenue**
Clifton, NJ 07011
O: 973.772.4100
C: 732.742.1542
F: 973.772.0979
E:nrj@thejimersonpracticellc.com

Notice: The information contained in this electronic message and any attachment is confidential and protected from disclosure and is also legally protected by attorney/client privilege. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify The Jimerson Practice LLC. immediately by replying to the message, and please delete it from your system.

Please note that if this electronic message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by The Jimerson Practice LLC. This notice is automatically appended to each e-mail message leaving this firm.

---

**From:** Bye, Lisa <LBye@WILENTZ.com>
**Sent:** Wednesday, May 13, 2026 8:53 AM
**To:** Thomas J. Cotton <tjc@spsk.com>
**Cc:** Norman Jimerson <nrj@thejimersonpracticellc.com>; Georgia D. Reid <GReid@spsk.com>; Lisa A. Gramlich <LAT@spsk.com>
**Subject:** RE: Clarke v. Piscataway Township Board of Education, No. 2:25-cv-1252-KSH-CF

Good morning,

I am Judge Ciuffani's assistant. Per below, please send me a service list so I know all parties and who represents. I will then run a conflict.

Thank you,

Lisa

**Lisa Bye | Legal Assistant**

**WILENTZ**

—ATTORNEYS AT LAW—

Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095
**T:** 732.726.6226
lbye@wilentz.com | www.wilentz.com | LinkedIn

**From:** Thomas J. Cotton <tjc@spsk.com>
**Sent:** Tuesday, May 12, 2026 4:11 PM
**To:** Ciuffani, Frank M. <FCiuffani@WILENTZ.com>
**Cc:** Norman Jimerson <nrj@thejimersonpracticellc.com>; Georgia D. Reid <GReid@spsk.com>; Lisa A. Gramlich <LAT@spsk.com>
**Subject:** Clarke v. Piscataway Township Board of Education, No. 2:25-cv-1252-KSH-CF

Judge Ciuffani:

As Your Honor may recall, my office reached out a few days ago regarding the need for a mediator in the above-referenced matter.

I am happy to report that the parties have agreed to select Your Honor as mediator. My office represents the defendant. Plaintiff's counsel (Norman Jimerson) is copied on this email.

We anticipate Your Honor may like to convene a kick-off call in the near future to discuss scheduling, mediation statements, and other logistics. Please feel free to email us with proposed dates for such a call.

Respectfully submitted,

 Outlook

---

## Clarke v. Piscataway Township Board of Education, No. 2:25-cv-1252-KSH-CF

---

**From** Thomas J. Cotton <tjc@spsk.com>
**Date** Tue 5/12/2026 4:10 PM
**To** Ciuffani, Frank M. <FCiuffani@WILENTZ.com>
**Cc** Norman Jimerson <nrj@thejimersonpracticellc.com>; Georgia D. Reid <GReid@spsk.com>; Lisa A. Gramlich <LAT@spsk.com>

Judge Ciuffani:

As Your Honor may recall, my office reached out a few days ago regarding the need for a mediator in the above-referenced matter.

I am happy to report that the parties have agreed to select Your Honor as mediator.  My office represents the defendant.  Plaintiff's counsel (Norman Jimerson) is copied on this email.

We anticipate Your Honor may like to convene a kick-off call in the near future to discuss scheduling, mediation statements, and other logistics.  Please feel free to email us with proposed dates for such a call.

Respectfully submitted,



**Thomas J. Cotton**
Partner
**Schenck, Price, Smith & King, LLP**
220 Park Avenue | PO Box 991 | Florham Park, NJ 07932
T: 973-540-7333   F: 973-540-7300
**Email | Bio | V-card | Website**

**Confidentiality Notice:**

# EXHIBIT 2

 Outlook

---

## Re: Clarke v. Piscataway

---

**From** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Date** Mon 5/4/2026 3:13 PM
**To** Thomas J. Cotton <tjc@spsk.com>
**Cc** Georgia D. Reid <GReid@spsk.com>

Tom:

Perfect.  What a relief.  Let the settlement negotiations begin. Thank you.

Kind regards,

Norman

Get Outlook for iOS

---

**From:** Thomas J. Cotton <tjc@spsk.com>
**Sent:** Monday, May 4, 2026 3:11:24 PM
**To:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** RE: Clarke v. Piscataway

Norm:

Yes, we will get you a response by or before 5/15/26.

-Tom



| | **Thomas J. Cotton** |
| --- | Partner |
| | **Schenck, Price, Smith & King, LLP** |
| | 220 Park Avenue \| PO Box 991 \| Florham Park, NJ 07932 |
| | T: 973-540-7333   F: 973-540-7300 |
| | **Email \| Bio \| V-card \| Website** |

**Confidentiality Notice:**

**From:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Sent:** Monday, May 4, 2026 3:00 PM
**To:** Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Re: Clarke v. Piscataway

Tom and Georgia:

I write in follow-up to my May 4, 2026, 12:15 p.m., correspondence requesting that Defendant commit to providing a substantive, meaningful counter-settlement proposal by May 15, 2026.

Hopefully today will not pass without any response.

In light of your prior assertion that Plaintiff's "tactics" were causing Defendant to question Plaintiff's commitment to settlement, Defendant's failure to commit to a time-frame and/or provide any counter-proposal--while simultaneously seeking to adjourn the settlement conference and extend the timeline--speaks for itself.

Plaintiff has, at every stage, acted in good faith to advance resolution, including: (1) agreeing to adjourn the June conference to accommodate Defendant; (2) deferring Court intervention on an active discovery dispute; and (3) submitting a detailed settlement proposal on April 20, 2026.

Meaningful settlement discussions require reciprocal engagement. To date, that has not occurred.

Absent a prompt response today, Plaintiff will proceed with filing correspondence with Magistrate Judge Fais concerning the current posture of the case, including the outstanding discovery dispute and anticipated motion practice.

Please advise immediately if Defendant intends to participate in settlement discussions in a meaningful way.

Kind regaards,

Norm

---

**From:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Sent:** Monday, May 4, 2026 12:15 PM
**To:** Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Re: Clarke v. Piscataway

Tom and Georgia:

I take offense to and disagree with your characterization.

Plaintiff has not "double-backed" on any agreement. Plaintiff agreed to adjourn the June 8, 2026, conference in an effort to accommodate scheduling and to allow the parties additional time to pursue resolution. The correspondence to the Court simply provides context as to the current posture of the case, including the status of discovery and anticipated motion practice, both of which are directly relevant to scheduling.

There is nothing improper about advising the Court of material developments, particularly where those developments may impact the efficiency and timing of a settlement conference.

Plaintiff remains committed to resolving this matter in good faith. That said, meaningful settlement discussions require engagement from both sides, including a response to Plaintiff's April 20 proposal.

Will you commit to a substantive, meaningful counter-settlement proposal by May 15, 2026?

I am available to discuss at your convenience.

Norm

---

**From:** Thomas J. Cotton <tjc@spsk.com>
**Sent:** Monday, May 4, 2026 12:03 PM
**To:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Re: Clarke v. Piscataway

Norm:

Defendant respectfully objects to the letter and, if filed, defendant reserves its right to seek sanctions.

We agreed to the communication submitted to the Court. We did not agree that, just a few minutes after it was sent, plaintiff could double-back on the agreement to invite the Court to maintain the "near-term" conference.

Sending two different messages to the Court risks confusion on a straightforward scheduling request. If plaintiff insists on proceeding in this uncooperative manner, then perhaps we are better served with commencing expert discovery in lieu of a settlement conference because these tactics are making defendant doubt plaintiff's commitment to settlement.

-Tom

---

**From:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Sent:** Monday, May 4, 2026 11:53:33 AM
**To:** Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>

5/15/26, 7:50 PM

**Subject:** Re: Clarke v. Piscataway

Tom and Georgia:

Please find attached Plaintiff's correspondence to Magistrate Judge Fais concerning the current discovery dispute, scheduling of the settlement conference, and Plaintiff's anticipated motion to amend.

As reflected in the letter, Plaintiff remains committed to resolving this matter in good faith. However, in order to facilitate meaningful discussions, Plaintiff requests that Defendant provide a counter-settlement proposal on or before May 15, 2026.

Thank you for your attention to this matter.

Kind regards,

Norm



Norman R. Jimerson, Jr., Esq., M.I.L.R.
NJ Ct. R. 1:40 Mediator | Arbitrator
The Jimerson Practice, LLC
101 Central Avenue
Clifton, NJ 07011
O: 973.772.4100
C: 732.742.1542
F: 973.772.0979
E: nrj@thejimersonpracticellc.com

Notice: The information contained in this electronic message and any attachment is confidential and protected from disclosure and is also legally protected by attorney/client privilege. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify The Jimerson Practice LLC. immediately by replying to the message, and please delete it from your system.

Please note that if this electronic message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by The Jimerson Practice LLC. This notice is automatically appended to each e-mail message leaving this firm.

---

**From:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Sent:** Monday, May 4, 2026 10:12 AM
**To:** Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Re: Clarke v. Piscataway

Tom:

Plaintiff consents to the first draft proposal to the Court with the understanding that the



**THE JIMERSON PRACTICE LLC**
Norman R. Jimerson, Jr., Esq., M.I.L.R.
Managing Partner

May 4, 2026

**VIA ECF ONLY**
Honorable Cari Fais, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Courthouse
50 Walnut Street
Courtroom PO 9
Newark, New Jersey 07101

> Re:    **Clarke v. Piscataway Township Board of Education**
> **Civil Action No. 2:25-cv-1252-KSH-CF**
> **Our File No.: 304-28829**

Dear Judge Fais:

This firm represents Plaintiff Shenee Clarke in the above-referenced matter.

Plaintiff respectfully writes concerning the scheduling of the settlement conference, a developing discovery dispute, and anticipated motion practice that may impact the procedural posture of this matter.

As reflected in Defendant's April 28, 2026, submission, Defendant requested an adjournment of the June 8, 2026, settlement conference. Plaintiff acknowledges that, in an effort to accommodate scheduling concerns and to allow the parties additional time to explore resolution, Plaintiff agreed to an adjournment of the conference.

However, that agreement was made with the expectation that the parties would engage in meaningful settlement discussions during the intervening period. To date, Plaintiff has submitted a good faith settlement proposal (April 20, 2026), but no counter-proposal has been provided.

## 1.    Discovery Dispute

The parties remain at an impasse regarding Defendant's refusal to comply with a subpoena issued pursuant to Fed. R. Civ. P. 45, specifically the requirement that Defendant provide a certification confirming the completeness of its document production.

☎ 973.772.4100
🖷 973.772.0979

nrj@thejimersonpracticellc.com
www.thejimersonpracticellc.com

101 Central Avenue
Clifton, NJ 07011

Honorable Cari Fais, U.S.M.J.
May 4, 2026
Page 2 of 3

_____

That certification, reviewed by Defendant's Human Resources Director during her deposition, requires only confirmation that a diligent search was conducted and that all responsive documents have been produced. Despite having had ample opportunity to do so, Defendant has declined to execute the certification and has instead taken the position that such compliance is not required.

Although the parties temporarily deferred seeking Court intervention in the interest of facilitating settlement discussions, that issue remains unresolved and will require the Court's attention absent resolution.

2.    **Anticipated Motion to Amend**

Discovery to date, including document production and deposition testimony, has materially expanded the factual record. As a result, Plaintiff intends to seek leave to file a Second Amended Complaint to add additional party-plaintiffs and claims, including claims under: (1) Title VII; (2) New Jersey Law Against Discrimination; (3) Conscientious Employee Protection Act; and (4) 42 U.S.C. § 1983.

The anticipated amendment would significantly broaden both the factual scope and potential exposure in this litigation.

3.    **Settlement Posture**

Plaintiff remains committed to resolving this matter in good faith. However, given the absence of a counterproposal and the passage of time since Plaintiff's April 20, 2026, demand, Plaintiff is concerned that further delay may not facilitate resolution.

In an effort to move discussions forward, Plaintiff has requested that Defendant provide a counter-settlement proposal by _May 15, 2026_, which follows the next scheduled public meeting of the Piscataway Township Board of Education.

4.    **Request for Guidance**

In light of the foregoing, Plaintiff respectfully requests guidance from the Court as to: (1) Whether the Court prefers to maintain a near-term settlement conference date or proceed with an adjourned date certain; and, (2) Whether the Court would like to address the outstanding discovery issue and anticipated motion to amend in advance of the settlement conference.

Plaintiff remains committed to resolving this matter in good faith while also ensuring that the case proceeds in an orderly and efficient manner.

Honorable Cari Fais, U.S.M.J.
May 4, 2026
Page 3 of 3

_____

      Thank you for the Court's time and consideration.

                       Respectfully submitted,

             **THE JIMERSON PRACTICE, LLC**

               *Norman R. Jimerson, Jr.*

                 Norman R. Jimerson, Jr.

C:    Thomas J. Cotton, Esq.
       Georgia D. Reid, Esq.

presentation of a counter-settlement proposal to Plaintiff's April 20, 2026, demand is forthcoming in the next few days.

Kind regards,

Norm

Get Outlook for iOS

**From:** Thomas J. Cotton <tjc@spsk.com>
**Sent:** Monday, May 4, 2026 10:00:39 AM
**To:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** RE: Clarke v. Piscataway

*Norm: Apologies for the double-email. Below is a draft proposed response to the Court. Please advise as to whether your prefer this latest draft or my earlier one.*

Mr. Piccinini:

Thank you again for your and Her Honor's attention to this matter. Counsel for all parties have conferred. On behalf of all parties, we respectfully request the June settlement conference be adjourned indefinitely. The parties will meet and confer, and expect to provide a scheduling order for expert discovery by or before May 6, 2026.

Respectfully submitted,



**Thomas J. Cotton**
Partner
**Schenck, Price, Smith & King, LLP**
220 Park Avenue | PO Box 991 | Florham Park, NJ 07932
T: 973-540-7333   F: 973-540-7300
**Email | Bio | V-card | Website**

**Confidentiality Notice:**

**From:** Thomas J. Cotton
**Sent:** Monday, May 4, 2026 9:54 AM
**To:** 'Norman Jimerson' <nrj@thejimersonpracticellc.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** RE: Clarke v. Piscataway

Norm:

We are saying the same thing, but you are injecting additional points that are beyond the scope of the Court's narrow scheduling request.

We agreed to adjourn the conference to September. That cannot be disputed. We had a lengthy discussion about: (1) how quickly September would come; (2) how an early September conference would not be much later than a mid-July or early-August conference, which is what we would have hoped to get on our initial request to adjourn the June conference; and (3) the potential for mediating in the interim, so that we all be in a more developed posture to make effective use of potentially limited time offered by the Court for the settlement conference.

We did not agree that the scheduling request would be conditioned on the presentation of a counter-proposal. In fact, we could not possibly have agreed to that because I expressly told you that any counter-proposal would take at least a few days for my side to generate whereas I wanted to respond to the Court ASAP.

In short, we agreed to request the September date as a placeholder while also using the intervening period for ongoing negotiations and possibly mediation.

If you are now telling me that this is not what you agreed to, or that you are having second thoughts, then I will unfortunately have to request that the settlement conference be indefinitely adjourned so that expert discovery can be put back on the schedule. I already told you weeks ago that my client and my insurance representative are not available on the June date.

-Tom



**Thomas J. Cotton**
Partner
**Schenck, Price, Smith & King, LLP**
220 Park Avenue | PO Box 991 | Florham Park, NJ 07932
T: 973-540-7333   F: 973-540-7300
**Email | Bio | V-card | Website**

**Confidentiality Notice:**

**From:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Sent:** Monday, May 4, 2026 9:42 AM
**To:** Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Re: Clarke v. Piscataway

Tom:

5/15/26, 7:50 PM

I am confused and do not consent to your proposed letter to the Court.

When we spoke on Friday, if you recall, I did not want to adjourn this matter until September. As such, (1) you agreed to confer with your client on Friday and respond to Plaintiff's settlement demand; and if we were unable to make movement toward settlement, (2) Plaintiff would move to amend the Complaint, and as such, would (3) then agree to adjourn to September.

Absent a counter-settlement proposal, Plaintiff will request that the Court keep the June 2026 conference date.

Kind regards,

Norm

Get Outlook for iOS

---

**From:** Thomas J. Cotton <tjc@spsk.com>
**Sent:** Monday, May 4, 2026 8:48:22 AM
**To:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Clarke v. Piscataway

*Norm: My apologies, after we spoke on Friday the rest of my day went off-track and I was not able to put together the proposed email until this morning. Please see below, and please confirm that I have your authorization to email it to the Court.*

Mr. Piccinini:

Thank you again for your and Her Honor's attention to this matter. Counsel for all parties have conferred. On behalf of all parties, we respectfully request the June settlement conference be adjourned until September. In the interim, the parties will evaluate the potential retention of a private mediator. The parties will alert the Court immediately if they are able to settle this litigation in advance of the settlement conference.

Respectfully submitted,



**Thomas J. Cotton**
Partner
**Schenck, Price, Smith & King, LLP**
220 Park Avenue | PO Box 991 | Florham Park, NJ 07932
T: 973-540-7333   F: 973-540-7300
**Email** | **Bio** | **V-card** | **Website**

Serving Our Clients and Community for Over 100 Years

**Confidentiality Notice:**

# EXHIBIT 3

 Outlook

---

## RE: Clarke v. Piscataway

---

**From** Thomas J. Cotton <tjc@spsk.com>

**Date** Thu 4/30/2026 1:33 PM

**To** Norman Jimerson <nrj@thejimersonpracticellc.com>

**Cc** Georgia D. Reid <GReid@spsk.com>

No problem. I will call you then.



Serving Our Clients and Community for Over 100 Years

| **Thomas J. Cotton** |
| Partner |
| **Schenck, Price, Smith & King, LLP** |
| 220 Park Avenue | PO Box 991 | Florham Park, NJ 07932 |
| T: 973-540-7333   F: 973-540-7300 |
| **Email | Bio | V-card | Website** |

**Confidentiality Notice:**

**From:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Sent:** Thursday, April 30, 2026 1:25 PM
**To:** Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Re: Clarke v. Piscataway

Tom:

Yes, I am available. Would you mind initialing the call?

Kind regards,

Norm

Get Outlook for iOS

---

**From:** Thomas J. Cotton <tjc@spsk.com>
**Sent:** Thursday, April 30, 2026 12:54:25 PM
**To:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>

5/15/26, 7:56 PM

**Subject:** RE: Clarke v. Piscataway

Norm:

Are you available at 10:30 AM tomorrow?

-Tom



| | **Thomas J. Cotton** |
| | Partner |
| | **Schenck, Price, Smith & King, LLP** |
| | 220 Park Avenue \| PO Box 991 \| Florham Park, NJ 07932 |
| | T: 973-540-7333   F: 973-540-7300 |
| | **Email \| Bio \| V-card \| Website** |

Serving Our Clients and Community for Over 100 Years

**Confidentiality Notice:**

**From:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Sent:** Thursday, April 30, 2026 12:35 PM
**To:** Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Re: Clarke v. Piscataway

Tom:

Are you available tomorrow to meet-and-confer concerning Judge Fais' April 30,2026, response to our adjournment request that reads as follows:

"Counsel,

 The Court has received the parties' letter dated 4/28/2026 requesting an adjournment of the 6/8/2026 settlement conference. (Dkt. No. 34). Please be advised that the next available date for a settlement conference with Judge Fais is not until September 2026. In light of this, please advise whether the parties would prefer to (1) keep the June 2026 conference date; (2) adjourn the June date until September and proceed with expert discovery in the meantime; or (3) be referred to mediation."

Kind regards,

Norm

Get Outlook for iOS

**From:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Sent:** Monday, April 27, 2026 7:48 PM
**To:** Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Re: Clarke v. Piscataway

Tom:

No problem.  I consent to the attached letter requesting an adjournment, and rescheduling, of the June 8, 20026, settlement conference.

Kind regards,

Norm
Get Outlook for iOS

---

**From:** Thomas J. Cotton <tjc@spsk.com>
**Sent:** Monday, April 27, 2026 6:53 PM
**To:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Clarke v. Piscataway

Norm:

I understand and have no objection with plaintiff waiting to receive her summer coaching schedule before committing to an alternative date for the settlement conference.

In the interim, I think we should alert the Court that the current date is unfeasible and request a new date be selected by Her Honor in the hope it will work for all involved.  Attached here is a draft letter to that effect.  Can you please let me know if I have your consent to file?

-Tom



**Thomas J. Cotton**
Partner
**Schenck, Price, Smith & King, LLP**
220 Park Avenue | PO Box 991 | Florham Park, NJ 07932
T: 973-540-7333   F: 973-540-7300
**Email** | **Bio** | **V-card** | **Website**

**Confidentiality Notice:**

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

# EXHIBIT 4

 Outlook

---

## Re: Clarke v. Piscataway

---

**From** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Date** Mon 4/20/2026 5:42 PM
**To** Thomas J. Cotton <tjc@spsk.com>
**Cc** Georgia D. Reid <GReid@spsk.com>

Tom and Georgia:

Pursuant to our April 14, 2026, meet-and-confer discussion, Plaintiff hereby submits the following settlement proposal in a good faith effort to resolve the above-referenced matter without further motion practice or amendment of the pleadings.

As discussed, discovery to date, including document production and deposition testimony of Athletic Director Robert Harmer, Human Resources Director Colleen Pongratz, and Principal Christopher Baldassano, has materially expanded the factual record and clarified the nature and scope of the claims at issue. That record reflects systemic irregularities in hiring, credentialing, compensation, and treatment of coaching staff, including disparities that are not readily explained by legitimate, non-discriminatory factors.

In light of those recent developments, Plaintiff has advised of the intention to seek leave to amend the Complaint to include additional party-plaintiffs and claims, including but not limited to causes of action under Title VII, the New Jersey Law Against Discrimination, the Conscientious Employee Protection Act, and 42 U.S.C. § 1983. The anticipated amendment would substantially broaden both the factual scope and potential exposure in the present litigation.

Notwithstanding the foregoing, Plaintiff remains willing to resolve the present matter at this stage on the following terms:

1. **Monetary Compensation**

The Board shall provide a lump sum payment to Plaintiff Shenee Clarke in the amount of $650, 000.00, inclusive of back Athletic Coaching Extra-Duty Contract/Salary Guide pay, compensatory damages, and any alleged emotional distress (Expert report provided on demand).

2. **Coaching Appointment /Employment Consideration**

The parties shall agree to one (1) of the following:

**Option A:**

Reinstatement or appointment of Ms. Clarke to the Girl's Varsity Basketball Head Coach position for the 2026-2027, 2027-2028, and 2028-2029 Winter basketball seasons, with placement on the appropriate step of the salary guide consistent with her experience, and grant tenure in the Girl's

Varsity Basketball Head Coach position immediately following the end of the 2028-2029 Winter season and before June 1, 2029.

**Option B:**

In lieu of reinstatement, an additional monetary payment of $30,000.00 in consideration of lost professional opportunities.

## 3.  **Neutral Reference / Record Correction**

The Board shall: (1) Provide a neutral employment reference upon request; and, (2) Remove or revise any internal documentation reflecting adverse or unsupported findings related to Ms. Clarke's coaching tenure.

## 4.  **Non-Admission Clause**

This resolution shall not constitute an admission of liability by the Board.

## 5.  **Mutual Release**

The parties shall execute a mutual release of all claims arising out of the facts alleged in the current litigation, limited to those claims asserted or that could have been asserted based on the current record.

## 6.  **Attorneys' Fees**

The Board shall pay Plaintiff's reasonable attorneys' fees and costs, or alternatively, the parties may agree upon a negotiated global settlement amount inclusive of fees.

## 7.  **No Retaliation / Future Opportunity**

The Board shall agree that no retaliatory action will be taken against Plaintiff or any individual associated with her, and that future applications for coaching or employment positions will be evaluated in a fair and non-discriminatory manner.

Plaintiff submits this proposal in the interest of resolving this matter efficiently and without the need for further litigation. However, absent a resolution, Plaintiff is prepared to proceed with seeking a status conference before Magistrate Judge Fais and filing a motion to amend the pleadings as previously outlined.

We welcome your written response and are available to discuss those terms at your convenience.

Kind regards,

Norm

5/15/26, 8:00 PM



Norman R. Jimerson, Jr., Esq., M.I.L.R.
NJ Ct. R. 1:40 Mediator | Arbitrator
The Jimerson Practice, LLC
101 Central Avenue
Clifton, NJ 07011
O: 973.772.4100
C: 732.742.1542
F: 973.772.0979
E: nrj@thejimersonpracticellc.com

Notice: The information contained in this electronic message and any attachment is confidential and protected from disclosure and is also legally protected by attorney/client privilege. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify The Jimerson Practice LLC. immediately by replying to the message, and please delete it from your system.

Please note that if this electronic message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by The Jimerson Practice LLC. This notice is automatically appended to each e-mail message leaving this firm.

---

**From:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Sent:** Monday, April 20, 2026 12:11 PM
**To:** Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Re: Clarke v. Piscataway

Tom:

Yes, I apologize for the delay in responding. Thank you for your patience.

Unfortunately, Ms. Clarke is unable to provide definitive alternative dates at this time given her hectic summer coaching and tournament play responsibilities for two AAU teams.

I will continue to subtly pressure her to commit to alternative dates and hope to provide them shortly.

Kind regards,

Norm

Get Outlook for iOS

---

**From:** Thomas J. Cotton <tjc@spsk.com>
**Sent:** Monday, April 20, 2026 11:59:31 AM
**To:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** RE: Clarke v. Piscataway

5/15/26, 8:00 PM

Norm:

Putting aside this dispute over Rule 45, can you please advise as to your availability for alternative dates for the conference as requested by my prior emails (see attached)?

-Tom



**Thomas J. Cotton**
Partner
**Schenck, Price, Smith & King, LLP**
220 Park Avenue | PO Box 991 | Florham Park, NJ 07932
T: 973-540-7333   F: 973-540-7300
**Email | Bio | V-card | Website**

Serving Our Clients and Community for Over 100 Years

**Confidentiality Notice:**

**From:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Sent:** Monday, April 20, 2026 11:50 AM
**To:** Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Re: Clarke v. Piscataway

Tom and Georgia:

Before I am able to forward a settlement proposal, I am compelled to respond to your position, as asserted during our Tuesday, April 14, 2026, meet-and-confer telephone conference, that Human Resources Director Colleen Pongratz need not comply with the Tuesday, March 31, 2026, AO-88B subpoena, nor execute the Certification of Completeness, on the theory that Defendant Piscataway Township Board of Education ("Board") is a corporate entity and Ms. Pongratz is merely its employee. That position is legally unsustainable.

First, Rule 45 expressly contemplates that a subpoena is directed to a person, not to an abstract corporate entity, and requires that person to produce documents within their "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A). Ms. Pongratz, as the Board's Human Resources Director, is plainly a person with knowledge and control over the very categories of documents sought, including personnel files, onboarding records, and compliance documentation. See, AO-88B Subpoena at pp. 1-4.

Second, your argument ignores the fundamental principle that a corporate entity can only act through its officers, agents, and employees. Courts routinely require corporate representatives to certify discovery responses, attest to searches, and testify regarding document production. Indeed, Rule 30(b)(6), which you invoked in this very case, requires a corporation to designate individuals to testify on its behalf precisely because the entity itself cannot speak. Your Tuesday, November 18, 2025,

correspondence designating Ms. Pongratz as the Board's witness on multiple topics confirms that principle.

Third, the March 18, 2026, and March 19, 2026, subpoenas at issue do not improperly seek to impose obligations on Ms. Pongratz in her individual capacity. Rather, they properly require a certification by a person with knowledge on behalf of the entity, confirming that: (1) a diligent search was conducted; (2) all responsive documents have been produced; and, (3) any non-existent documents are identified with particularity. See, Subpoenas §V and VI; Certification of Completeness § VI.

As stated during our April 14, 2026, meet-and-confer, that requirement is not novel. It is standard practice in federal discovery and entirely consistent with Rule 45's enforcement mechanism, which provides that failure to comply with a subpoena "may be deemed contempt of court." Fed. R. Civ. P. 45(g).

Fourth, your suggestion that a corporate employee is categorically insulated from compliance with a subpoena directed to her in her representative capacity is patently incorrect. To the contrary, where, as in the present matter, the subpoena is directed to a corporate officer or managing agent with control over responsive materials, compliance is required. Courts routinely enforce subpoenas against such individuals precisely because they are the functional custodians of the entity's records.

Finally, your position is particularly untenable given the procedural posture of this case. Ms. Pongratz: (1) was noticed and produced as a fact witness under Rule 30; (2) was designated by Defendant as a corporate representative under Rule 30(b)(6); (3) received and reviewed the Certification during her deposition; and, (4) has identified no substantive deficiency in its contents while under oath during her Tuesday, March 31, 2026, deposition.

Under those circumstances, refusing to execute a certification confirming the completeness of document production is not a matter of legal principle--it is a refusal to comply with basic discovery obligations.

In short, the Certification does not impose any improper burden. It simply requires Defendant, through its Human Resources Director, to do what the Federal Rules of Civil Procedure already require: (1) confirm that a diligent search has been conducted and (2) that the production is complete.

***Accordingly, Defendant's refusal to execute the Certification is procedurally and legally improper.***

So, again, in the event that the parties are unable to reach a settlement resolution pursuant to the mutual understanding of the agreement reached during our meet-and-confer telephone conference held on Tuesday, April 14, 2026, Plaintiff will seek leave to amend the pleadings to add additional party plaintiffs and claims based upon facts developed during discovery, including deposition testimony. Those anticipated amendments include the addition of DreShonda Williams, Kiamsha ("KiKi") Bynes, Zana Godoy, William Gilbert, Sydni Lester, and Amanda Gordon, as well as claims under Title VII, the New Jersey Law Against Discrimination, the Conscientious Employee Protection Act, and 42 U.S.C. § 1983.

Kind regards,

Norm



**Norman R. Jimerson, Jr., Esq., M.I.L.R.**
NJ Ct. R. 1:40 Mediator | Arbitrator
The Jimerson Practice, LLC
**101 Central Avenue**
**Clifton, NJ 07011**
**O: 973.772.4100**
**C: 732.742.1542**
**F: 973.772.0979**
**E:nrj@thejimersonpracticellc.com**

Notice:   The information contained in this electronic message and any attachment is confidential and protected from disclosure and is also legally protected by attorney/client privilege. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify The Jimerson Practice LLC. immediately by replying to the message, and please delete it from your system.

Please note that if this electronic message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by The Jimerson Practice LLC. This notice is automatically appended to each e-mail message leaving this firm.

---

**From:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Sent:** Tuesday, April 14, 2026 11:51 AM
**To:** Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Re: Clarke v. Piscataway

Tom and Georgia:

I write to confirm our mutual understanding of the agreement reached during today's meet-and-confer telephone conference held on Tuesday, April 14, 2026.

As discussed, the parties agreed to defer, at this time, any application to Magistrate Judge Cari Fais concerning the Certification of Completeness and Non-Existence of Documents that was provided to you on March 30, 2026, and reviewed during the continued deposition of Human Resources Director Colleen Pongratz on March 31, 2026. That issue was also placed on the deposition record as Exhibit 28.

The parties further agreed that the present temporary deferral is intended to allow for continued discussions in good faith toward a potential resolution of the above-referenced matter.  In that regard, I advised that, should the parties be unable to reach a settlement, Plaintiff will proceed with requesting a status conference with Magistrate Judge Fais to address the outstanding discovery issue, specifically the Certification.

In addition, I placed on the record during today's call that, absent settlement resolution, Plaintiff intends to seek leave to amend the pleadings to add additional party-plaintiffs and claims based upon

facts developed during discovery, including deposition testimony. Those anticipated amendments include the addition of DreShonda Williams, Kiamsha ("KiKi") Bynes, Zana Godoy, William Gilbert, Sydni Lester, and Amanda Gordon, as well as claims under Title VII, the New Jersey Law Against Discrimination, the Conscientious Employee Protection Act, and 42 U.S.C. § 1983.

As discussed, Plaintiff will circulate a settlement proposal on or before Monday, April 20, 2026, to facilitate further discussions.

Please let me know if the foregoing does not accurately reflect your understanding of today's discussion.

Thank you for your time and cooperation.

Kind regards,

Norm



Norman R. Jimerson, Jr., Esq., M.I.L.R.
NJ Ct. R. 1:40 Mediator | Arbitrator
The Jimerson Practice, LLC
101 Central Avenue
Clifton, NJ 07011
O: 973.772.4100
C: 732.742.1542
F: 973.772.0979
E: nrj@thejimersonpracticellc.com

Notice: The information contained in this electronic message and any attachment is confidential and protected from disclosure and is also legally protected by attorney/client privilege. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify The Jimerson Practice LLC. immediately by replying to the message, and please delete it from your system.

Please note that if this electronic message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by The Jimerson Practice LLC. This notice is automatically appended to each e-mail message leaving this firm.

---

**From:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Sent:** Friday, April 10, 2026 4:25 AM
**To:** Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Re: Clarke v. Piscataway

Tom and Georgia,

Thank you for your response. Yes, 10:30 AM on Tuesday works for me. Presumably, together Tom and Georgia will initiate the call. If so, my cell phone number is 732.742.1542.

Kind regards,

Norm

Get Outlook for iOS

---

**From:** Thomas J. Cotton <tjc@spsk.com>
**Sent:** Wednesday, April 8, 2026 5:39:13 PM
**To:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** RE: Clarke v. Piscataway

Norm:

Georgia and I are both available at 10:30 AM on Tuesday.  Does that work for you?

-Tom

**From:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Sent:** Wednesday, April 8, 2026 4:53 PM
**To:** Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Re: Clarke v. Piscataway

Tom and Georgia:

I write regarding the Certification of Completeness and Non-Existence of Documents provided to you on March 30, 2026, for execution by Human Resources Director Colleen Pongratz during her continued deposition on March 31, 2026. Please see attachment.

As you are aware, the Piscataway Township Board of Education produced seven (7) documents totaling twenty-one (21) pages on the evening of March 30, 2026, after 6:00 p.m., on the eve of Ms. Pongratz's deposition. At 8:07 p.m. that same evening, I confirmed receipt and promptly prepared a narrowly tailored certification consistent with Fed. R. Civ. P. 45 and the subpoena requirements.

At 10:51 p.m., I transmitted the Certification to both of you for execution during the deposition the following morning.

During the March 31, 2026, deposition, Ms. Pongratz reviewed the Certification. However, Ms. Reid instructed the witness not to execute the document, representing that additional time was needed to "confirm the contents."  One week has now elapsed, and no revisions, objections, or substantive response have been provided.

The Certification itself is straightforward, true and accurate, and tracks the subpoena requirements, namely, that a diligent search was conducted and that all responsive documents have been produced or, if not, that they do not exist. See, Id. There is no legitimate basis to delay execution of such a certification where the witness has already reviewed the contents and no deficiencies have been identified.

Accordingly, please advise of your availability for a meet-and-confer early next week to resolve this issue without Court intervention.

Absent execution of the Certification by no later than Tuesday, April 14, 2026, Plaintiff will have no choice but to seek relief from Magistrate Judge Cari Fais, including a request for a discovery conference and appropriate motion practice.

To be clear, any motion will address not only the refusal to execute the Certification, but also the timing of Defendant's document production on the eve of deposition and the resulting prejudice.

Please confirm your availability and your client's position no later than close of business on Tuesday, April 14, 2026.

Kind regards,

Norm



Norman R. Jimerson, Jr., Esq., M.I.L.R.
NJ Ct. R. 1:40 Mediator | Arbitrator
The Jimerson Practice, LLC
101 Central Avenue
Clifton, NJ 07011
O: 973.772.4100
C: 732.742.1542
F: 973.772.0979
E: nrj@thejimersonpracticellc.com

Notice: The information contained in this electronic message and any attachment is confidential and protected from disclosure and is also legally protected by attorney/client privilege. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify The Jimerson Practice LLC. immediately by replying to the message, and please delete it from your system.

Please note that if this electronic message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by The Jimerson Practice LLC. This notice is automatically appended to each e-mail message leaving this firm.

---

**From:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Sent:** Monday, March 30, 2026 10:51 PM
**To:** Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Re: Clarke v. Piscataway

Tom and Georgia:

Based on Piscataway Township Board of Education's Production 10 dated March 30, 2026, consisting of seven (7) documents and twenty-one (21) pages, please find attached a Certification of Completeness and Non-Existence of Documents pursuant to Fed. R. Civ. P. 45 for execution by

Human Resources Director Colleen Pongratz during her continuing deposition on Tuesday, March 31, 2026.

Kind regards,

Norm



Norman R. Jimerson, Jr., Esq., M.I.L.R.
NJ Ct. R. 1:40 Mediator | Arbitrator
The Jimerson Practice, LLC
101 Central Avenue
Clifton, NJ 07011
O: 973.772.4100
C: 732.742.1542
F: 973.772.0979
E: nrj@thejimersonpracticellc.com

Notice:   The information contained in this electronic message and any attachment is confidential and protected from disclosure and is also legally protected by attorney/client privilege. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify The Jimerson Practice LLC. immediately by replying to the message, and please delete it from your system.

Please note that if this electronic message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by The Jimerson Practice LLC. This notice is automatically appended to each e-mail message leaving this firm.

---

**From:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Sent:** Monday, March 30, 2026 8:07 PM
**To:** Thomas J. Cotton <tjc@spsk.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Re: Clarke v. Piscataway

Tom:

Thank you. I am in receipt of defendant's production consisting of 21 pages concerning Ms. Pongratz.

Kind regards,

Norm

Get Outlook for iOS

---

**From:** Thomas J. Cotton <tjc@spsk.com>
**Sent:** Monday, March 30, 2026 6:09:31 PM
**To:** Norman Jimerson <nrj@thejimersonpracticellc.com>
**Cc:** Georgia D. Reid <GReid@spsk.com>
**Subject:** Clarke v. Piscataway

Norm:

You will soon be receiving a link that allows for defendant's production to be downloaded.  This production is sent in response to recent demands made concerning Ms. Pongratz.  The production is limited; it is only 21 pages.

-Tom



**Thomas J. Cotton**
Partner
**Schenck, Price, Smith & King, LLP**
220 Park Avenue | PO Box 991 | Florham Park, NJ 07932
T: 973-540-7333   F: 973-540-7300
**Email | Bio | V-card | Website**

**Confidentiality Notice:**