

Serving Our Clients and Community
For Over 100 Years

**THOMAS J. COTTON**
*Admitted in NJ & NY*

Direct Line: 973-540-7333
Email: tjc@spsk.com

220 Park Avenue
PO Box 991
Florham Park, NJ 07932
Telephone: 973-539-1000
Fax: 973-540-7300
www.spsk.com

May 17, 2026

**Via ECF**
Hon. Cari Fais, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Courthouse
50 Walnut Street
Courtroom PO 9
Newark, NJ 07101

> Re:  **Clarke v. Piscataway Township Board of Education**
> **Case No. 2:25-cv-1252-KSH-CF**
> **Our File No. 29618-20**
> *Response to Plaintiff's Violation of this Court's Orders*
> *and Request for Sanctions Against Both Plaintiff and Plaintiff's Counsel*

Dear Judge Fais:

This firm represents defendant Piscataway Township Board of Education ("Defendant") in the above-referenced matter. We write to briefly respond to the letter filed today (Sunday) by plaintiff Shenee Clarke ("Plaintiff"), wherein Plaintiff demands a Court conference. *Dkt.* 38.

We respectfully request this Court deny Plaintiff's improper, baseless, and sanctionable demand. There are three key points that call for Plaintiff's application to be denied.

*First*, this matter is stayed during the pendency of mediation. Plaintiff knows this. Plaintiff knew this before she filed today's letter. Plaintiff consented to the request for mediation, consented to the appointment of Judge Ciuffani as mediator, and this Court—just two days ago—entered an order staying all proceedings until the parties participate in mediation. *Dkt.* 37. Given the stay order, this Court has full and unfettered discretion to summarily reject Plaintiff's application.

*Second*, even if this Court entertains Plaintiff's application notwithstanding Plaintiff's violation of the stay, the result would be the same: summary rejection. That is because Plaintiff's application is contrary to the law and contrary to this Court's express orders—including a scheduling order to which Plaintiff consented.

Plaintiff's application is contrary to the law because it runs afoul of Rules 30, 34 and 45. Plaintiff harbors the strange notion that she can issue Rule 45 subpoenas to Defendant's employees and 30(b)(6) designees. Plaintiff's application is built entirely upon that wobbly foundation. On its face, Rule 45 (which is limited to non-parties) does not recognize Plaintiff's subpoenas to Defendant (who is a party) as having the force of law. As such, Plaintiff's application for a



Hon. Cari Fais, U.S.M.J.
May 17, 2026
Page 2

conference will go nowhere.  But Plaintiff's tactic is even more outrageous when put in context.  Plaintiff's recent Rule 45 subpoenas to Defendant are aimed at documents Plaintiff failed to target within Rule 34 requests the parties were required to serve by May 21, 2025. *Dkt.* 9.

Plaintiff's application is contrary to this Court's orders because, as this Court ruled on December 12, 2025, the parties can no longer serve subpoenas or document demands.  *Dkt.* 25 ("No additional interrogatories, requests for production, requests for inspection, subpoenas, or other demands for written discovery may be served upon the parties or upon any individuals who are current or former employees or agents of the parties, except with leave of Court for good cause.").  Defendant requested that provision be included in the order—and Plaintiff consented to its inclusion—to avoid what Plaintiff is doing now.  The order prohibits Plaintiff from delaying these proceedings with manufactured discovery "disputes."  Plaintiff has made a habit of serving untimely demands on the eve of a deposition, only to then cancel the deposition or feign disgust at Defendant's disinclination to produce documents on short notice.

*Third and finally*, Defendant respectfully requests this Court consider sanctions against Plaintiff and Plaintiff's counsel for these violations of rules and orders.  Plaintiff's latest application is not an isolated oversight.  Rather, this has become a noticeable trend as Plaintiff appears to recognize her claims have no hope for a favorable outcome on the merits.

To cite just one example of the alarming misconduct that preceded Plaintiff's latest filing, Plaintiff's counsel lobbed outrageous threats and accusations against Defendant's counsel during a recent deposition.  Plaintiff's counsel mocked Defendant's counsel for being a "junior associate" whereas Plaintiff's counsel "owns [his] own law firm."  Plaintiff appeared to believe (erroneously) that this taunting would result in Defendant's counsel withdrawing objections to the 30(b)(6) designee being examined on Plaintiff's improper and untimely Rule 45 subpoena.  Those same objections, which Defendant maintained despite Plaintiff's counsel's childish name-calling, now form the basis of Plaintiff's application.

To cite one additional example, Plaintiff's application attaches emails and other correspondence that prove Plaintiff's counsel is engaging in inappropriate conduct in the desperate, futile hope it will manifest a sizeable settlement payment.  Plaintiff's application encloses confidential settlement exchanges, in stark violation of confidentiality expectations.  **But perhaps most notably, the application's enclosed emails show Plaintiff's counsel using the prospective claims of putative plaintiffs (who he implies to be representing) as leverage to settle the claims raised by Plaintiff (the other client he is representing).**  Said another way, Plaintiff's counsel is threatening to file a motion for leave to add new plaintiffs unless Defendant settles this litigation on Plaintiff's unreasonable terms.  This Court understands attorneys may not prioritize one client over another.  By including those prospective claims within the negotiations to resolve Plaintiff's lawsuit, Plaintiff's counsel has proven—before even filing his untimely motion for leave to amend—that he is not acting in the best interests of the putative plaintiffs.



Hon. Cari Fais, U.S.M.J.
May 17, 2026
Page 3

Defendant welcomes the opportunity to explain these three points in greater detail at any Court conference.  Until then, Defendant remains committed to honoring this Court's order that stayed the litigation pending mediation.  Defendant respectfully requests this Court: (1) remind Plaintiff and her counsel to honor this Court's orders; (2) deny Plaintiff's application for a Court conference; and (3) consider appropriate sanctions against both Plaintiff and her counsel.

Respectfully submitted,

SCHENCK, PRICE, SMITH & KING, LLP

s/ Thomas J. Cotton, Esq.
Thomas J. Cotton, Esq.

TJC/s
cc (via ECF): All counsel of record